IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEREL CARROLL : CIVIL ACTION
:
v. :
:
DAVID DIGUGLIELMO, et al. : No. 08-2421

**MEMORANDUM**

LOWELL A. REED, JR., Sr. J. April 29, 2011

Presently before this Court is a counseled petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Jerel Carroll ("Petitioner") (Doc. Nos. 1 and 6), the Respondents' response thereto ("Response") (Doc. No. 17), and Respondents' supplemental response ("Supplemental Response") (Doc. No. 22). Petitioner is currently incarcerated in the State Correctional Institution in Graterford. For the reasons that follow, the petition will be denied without the need for an evidentiary hearing.

## FACTS AND PROCEDURAL HISTORY:

The relevant facts, as set forth by the Pennsylvania Superior Court, are as follows:

On December 21, 1997, Kenneth Williams, the decedent, was inside Tex's II Lounge in the 4100 block of Germantown Avenue [Philadelphia, Pennsylvania] talking with Darryl Davis at approximately 12:00 a.m. when an argument between [Petitioner] and Yvonne Jennings erupted.

Messrs. Williams and Davis observed [Petitioner] and Ms. Jennings hitting each other. Concerned for Ms. Jennings safety, the decedent decided to intervene. The bar's bouncer, Anthony Williams identified as "Apple" also intervened. Apple grabbed the woman and the decedent grabbed [Petitioner] by his arms. Apple then exercised control over the situation, and the decedent returned to his conversation with Mr. Davis.

Ms. Jennings was evicted from the bar. Apple blocked [Petitioner's] exit from the

bar. [Petitioner] then walked from the entrance of the bar to where the decedent and Mr. Davis were standing and pulled out a gun. Seeing a gun, the decedent jumped behind the bar, and Mr. Davis hid behind a cigarette machine.

[Petitioner] reached over the bar and shot three times at the decedent. The decedent was hit twice and died from those gunshot wounds. One bullet entered his left arm, traveled downward where it struck the upper lobe of the left lung and the right ventricle of the heart. The other gunshot entered his abdomen and perforated his colon, kidneys, stomach, and sacrum.

Three .380 [caliber] fired cartridge cases and a bullet were recovered by the police from the bar area. This bullet and the two bullets recovered from the decedent's body were .380 caliber. All three were fired from the same .380 [caliber firearm].

Cassandra Bass, the night shift manager of the bar observed [Petitioner] shooting at the decedent and ran out of the bar to use a pay phone to call the police. Both she and Kenneth Oglesby, an off-duty police officer, identified a black jacket that [Petitioner] was wearing that night.

Commonwealth v. Carroll, 943 A.2d 309, No. 71 EDA 2004, at 1-3 (Pa. Super. Oct, 2, 2007) (unpublished memorandum), attached as Exhibit "D" to Response.

On July 26, 1999, the Honorable Anne E. Lazarus, Court of Common Pleas of Philadelphia County, found Petitioner guilty of first degree murder, related weapons offenses, and reckless endangerment. Judge Lazarus sentenced Petitioner to a term of life imprisonment. On direct appeal, the Pennsylvania Superior Court affirmed the judgment of sentence on January 10, 2001. Commonwealth v. Carroll, 776 A.2d 289, No. 2697 EDA 1999, at 1-4 (Pa. Super. Dec, 13, 2002) (unpublished memorandum), attached as Exhibit "B" to Response. Petitioner failed to file a timely petition for allocatur, and the Pennsylvania Supreme Court denied his petition for leave to file an untimely petition

nunc pro tunc on April 20, 2001.

On December 11, 2001, Petitioner filed a pro se petition for post-conviction relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. Ann. § 9541, et. seq. Counsel was appointed and filed an amended petition. A hearing was held and the PCRA court dismissed Petitioner's petition on March 31, 2004. On October 2, 2007, the Superior Court affirmed the denial of PCRA relief. Commonwealth v. Carroll, 943 A.2d 309 (Pa. Super. 2007) (table); No. 71 EDA 2004 (Pa. Super. Oct. 2, 2007), attached as Exhibit "D" to Response. Petitioner filed a petition for allowance of appeal in the Pennsylvania Supreme Court which was denied on March 26, 2008. Commonwealth v. Carroll, 945 A.2d 166 (Pa. 2008); No. 606 EAL 2007 (Pa. 2008) (table).

On May 22, 2008, Petitioner filed a petition for a federal writ of habeas corpus. Counsel filed a brief in support of Petitioner's petition on September 15, 2008 (Doc. No. 6), advancing the following claims, all of which involve claims of ineffective assistance of counsel:

1. trial counsel provided ineffective assistance when he failed to challenge the credibility of Commonwealth witness Darryl Davis;

2. trial counsel was ineffective for failing to investigate and call witnesses Stephanie Bass and Yvonne Jennings in support of Petitioner's heat of passion, mistaken-belief self-defense, and involuntary intoxication defenses to first degree murder;

3. trial counsel was ineffective for failing to impeach the testimony Officer Kenneth Oglesby;

4. trial counsel was ineffective for failing to raise a voluntary

3

> intoxication or diminished capacity defense and for failing to properly investigate such defenses;
>
> 5. appellate counsel was ineffective for failing to argue the ineffectiveness of trial counsel with respect to the foregoing and for failing to raise the issue of the prosecution's suppression of evidence;
>
> 6. Petitioner was denied due process of law when the Superior Court denied Petitioner access to effective assistance of PCRA counsel; and
>
> 7. the cumulative effect of ineffectiveness claims renders his conviction invalid.

Respondents have filed a response (Doc. No. 17) asserting that Petitioner is not entitled to federal habeas relief because his claims are without merit.

## DISCUSSION:

### A. Standard of Review

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petition for habeas corpus may only be granted if (1) the state court's adjudication of the claim resulted in a decision contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence. Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

The Supreme Court expounded upon this language in Williams v. Taylor, 529 U.S. 362 (2000). In Williams, the Court explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." 529 U.S. at 412-413 (quoted in Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000)). The Court in Williams further stated that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. "In further delineating the 'unreasonable application' component, the Supreme Court stressed that an unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable." Werts, 228 F.3d at 196 (citing Williams, 529 U.S. at 411).

II. **Petitioner's Claims**

    A. **Claim One: Ineffective Assistance of Trial Counsel for Failure to Challenge the credibility of Commonwealth witness, Darryl Davis**

Petitioner first claims that trial counsel rendered ineffective assistance by failing

5

to challenge the credibility of Commonwealth witness, Darryl Davis.  Claims of ineffective assistance of counsel are governed by Strickland v. Washington, 466 U.S. 668 (1984).  In Strickland, the United States Supreme Court set forth the standard for a petitioner seeking habeas relief on the grounds of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687.  Because "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable," a court must be "highly deferential" to counsel's performance and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  In determining prejudice, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  Id. at 695.

"[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."  Strickland, 466 U.S. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice that course should be followed."  Id.  "It is past question that the rule set forth in Strickland qualifies as 'clearly established

Federal law, as determined by the Supreme Court of the United States.'" Williams, 529 U.S. at 391. Thus, Petitioner is entitled to relief if the Pennsylvania courts' rejection of his claims was either "contrary to, or involved an unreasonable application of," that established law.

Specifically, Petitioner asserts that trial counsel provided ineffective assistance when he failed to challenge the credibility of Commonwealth witness, Darryl Davis, based on prior inconsistent statements, his criminal record and his friendship with the victim. In reviewing this claim the Superior Court found that Petitioner "failed to show how underlying counsel's alleged ineffective assistance affected the outcome of his trial." Commonwealth v. Carroll, 943 A.2d 309 (Pa. Super. 2007) (table); No. 71 EDA 2004 (Pa. Super. Oct. 2, 2007), attached as Exhibit "D" to Response.

Upon review of the trial transcript and the lower court opinions, I conclude that the state court's application of the law is reasonable. Mr. Davis' account of the shooting remained consistent throughout. In Davis' police statement, and in both his preliminary hearing and trial testimony, he indicated that Petitioner was restrained for a brief time, the victim withdrew, and subsequently Petitioner deliberately pursued and shot the victim. See Response Exhibit "E" at 2-3; Response Exhibit "F" at 8-11; N.T. 7/27/99 at 32-37. The lower court resolved this issue by determining that Petitioner suffered no prejudice as a result of trial counsel's performance. I agree that Petitioner failed to establish that he was prejudiced by trial counsel's alleged deficient performance because the evidence

7

establishing Petitioner's guilt was so strong that it is highly unlikely that the results of Petitioner's trial would have been different if trial counsel had challenged the credibility of Mr. Davis. Petitioner admitted, in his trial testimony, that he pulled out his gun and fired at the victim three times. (N.T. 7/26/99 at 127,155). Two eyewitnesses also testified to this fact. (N.T. 7/26/99 at 37, 75). As such, I find no merit to the claim that trial counsel provided ineffective assistance of counsel for failing to challenge the credibility of Commonwealth witness, Darryl Davis. Consequently, the Superior Court's adjudication of Petitioner's claim did not result in a decision that was contrary to, or an unreasonable application of, Strickland. Therefore, Petitioner's first claim is denied.

  **B.  Claim Two: Ineffective Assistance of Trial Counsel for Failure to investigate and call witnesses Stephanie Bass and Yvonne Jennings in support of Petitioner's heat of passion, mistaken-belief self-defense, and involuntary intoxication defenses to first degree murder**

Petitioner next claims that trial counsel rendered ineffective assistance by failing to investigate and call witnesses Stephanie Bass and Yvonne Jennings in support of Petitioner's heat of passion, mistaken-belief self-defense, and involuntary intoxication defenses to first degree murder.

In reviewing this claim, the state court noted that Petitioner failed to show how trial counsel's alleged ineffective assistance affected the outcome of his trial. Commonwealth v. Carroll, 943 A.2d 309 (Pa. Super. 2007) (table); No. 71 EDA 2004 (Pa. Super. Oct. 2, 2007), attached as Exhibit "D" to Response. As previously noted, the evidence of specific intent in this case was strong. I conclude that Petitioner has failed to establish that he was

8

prejudiced by counsel's performance because the evidence establishing Petitioner's guilt makes it unlikely that the result of his trial would have been any different if counsel had called these two witnesses. [1]

As such, I conclude that the Superior Court's adjudication of Petitioner's claim did not result in a decision that was contrary to, or an unreasonable application of, Strickland. Therefore, Petitioner's second claim is denied.

---

[1] The state court disposed of the claim based on the lack of prejudice suffered by Petitioner. However, it would have been entirely reasonable for trial counsel to refrain from calling these two particular witnesses. Thomas v. Varner, 428 F.3d 491, 500 (3d Cir. 2005) (in cases where the record does not explicitly disclose trial counsel's actual strategy, the strategic presumption may only be rebutted through a showing that no sound strategy could have supported the conduct). When bringing an ineffective assistance of counsel claim, the petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Counsel is afforded a wide range within which to make decisions without fear of judicial second-guessing. Buehl v. Vaughn, 166 F.3d 163, 169 (3d Cir. 1999) (citing United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989)).

Trial counsel could have reasonably decided to forego calling Stephanie Bass and Yvonne Jennings to testify in order to avoid the potential negative impact of corroborating the Commonwealth's theory of the case. Stephanie Bass told detectives that she was a friend of the decedent and that she had witnessed Petitioner hitting a woman in the bar. See Statement of Stephanie Bass at 1-3, attached as Exhibit "G" to Response. The Commonwealth had also subpoenaed Stephanie Bass to testify at Petitioner's trial. See Interview of Stephanie Bass at 5, attached as Exhibit "H" to Response. Yvonne Jennings testimony was also potentially damaging as she told police that Petitioner always carries a gun and that he is a drug dealer. See Statement of Yvonne Jennings at 3-4, attached as Exhibit "J" to Response.

Counsel's failure to call a witness is precisely the sort of strategic trial decision that Strickland protects from second guessing. Henderson v. DiGuglielmo, 138 Fed. Appx. 463, 469; see generally Hess v. Mazurkiewicz, 135 F.3d 905, 908 (3d Cir. 1998) (finding counsel not ineffective for failing to call witnesses when they would likely have harmed the defendant). It would appear that trial counsel made a tactical decision not to call these two witnesses. Petitioner has not offered any evidence from trial counsel to the contrary. Accordingly, I conclude that trial counsel's decision not to present these two (2) witnesses could have been reasonably based upon consideration of the surrounding circumstances and Petitioner's best interests.

### C. Claim Three: Trial Counsel was Ineffective for Failing to Impeach the Testimony of Officer Kenneth Oglesby

In his next claim, Petitioner asserts that trial counsel was ineffective for failing to impeach the testimony Officer Kenneth Oglesby. This claim was addressed by the state court as follows:

> [A] review of [Officer Oglesby's] statement and of the trial transcript indicates that Officer Oglesby indicated in his statement that "he didn't see anyone" when he ran from the bar where the shooting occurred in pursuit of the shooter. Conversely, in his trial testimony, Officer Oglesby stated that he "saw the back of a black male running northbound." Officer Oglesby went on to identify the jacket allegedly worn by the fleeing black male and stated that he had seen that male wearing that jacket in the bar prior to the shooting.
>
> Although trial counsel was remiss for failing to point out this inconsistency in Officer Oglesby's statements, his testimony in this regard was not crucial to the outcome of the trial. The Commonwealth presented the eyewitness testimony of Darryl Davis, who witnessed [Petitioner] shooting the victim Kenny Williams. The Commonwealth also presented the testimony of Cassandra Bass, who also witnessed [Petitioner] shooting at the victim, who was hiding behind the bar. The court, as finder of fact, had ample evidence with which to conclude that [Petitioner] was guilty. Accordingly, counsel's failure to cross-examine with respect to Officer Oglesby's inconsistent statement did not unduly prejudice [Petitioner]; there is no reasonable probability that the outcome of the trial would have been any different.

Commonwealth v. Carroll, No. 693 EDA 1999, at 3 (PCRA Mar. 31 , 2004) (unpublished memorandum), attached as Exhibit "C" to Response.

I conclude that the state court's adjudication of the claim comports with Strickland. Again, I find that Petitioner has failed to establish that he was prejudiced by counsel's performance because the overwhelming evidence establishing Petitioner's guilt makes it unlikely that the result of his trial would have been any different if counsel had pointed out

the inconsistencies in the Officer's testimony. Therefore, Petitioner's third claim is denied.

> **D. Claim Four: Ineffective Assistance of Trial Counsel for Failure to Prepare a Diminished Capacity Defense**

In his fourth claim, Petitioner asserts that trial counsel provided ineffective assistance by failing to adequately investigate and prepare a voluntary intoxication or diminished capacity defense. The diminished capacity defense seeks to negate the intent element of a charge of first degree murder, thereby reducing it to murder of the third degree. Saranchak v. Beard, 616 F.3d 292, 307 (3d Cir. 2010); Commonwealth v. Taylor, 876 A.2d 916, 926 (Pa. 2005). A diminished capacity can result from a variety of factors, including voluntary intoxication. Id; Commonwealth v. VanDivner, 962 A.2d 1170, 1177 (Pa. 2009). A defendant who relies on evidence of intoxication must show that he was overwhelmed by an intoxicant to the point of losing his rationality, faculties, or sensibilities so as to negate or lower the specific intent to kill.[2] Id; Commonwealth v. Blakeney 946 A.2d 645, 653 (Pa. 2008); Commonwealth v. Szuchon, 273 F.3d 299, 309 (3d Cir. 2001).

Under Pennsylvania law, to prove diminished capacity only expert testimony on how the mental disorder affected the cognitive functions necessary to form the specific intent is relevant and admissible. Id; Commonwealth v. Zettlemoyer, 454 A.2d 937, 943

---

[2]Voluntary intoxication itself is not a defense to a criminal charge in Pennsylvania, but evidence of intoxication may be offered to reduce a conviction for murder, as noted above, from a higher degree to the lower degree. Id; 18 Pa. Const. Stat. § 308.

11

(1982); see also Commonwealth v. Terry, 521 A.2d 398, 404 (Pa. 1987); Commonwealth v. Davis, 479 A.2d 1077, 1080 (Pa. Super. 1984). Respondent asserts that the evidence would not have supported a diminished capacity defense. In rejecting Petitioner's claim, the PCRA court found:

> [Testimony] was presented at the PCRA hearing by Dr. Lawson Bernstein. This court did not find Dr. Bernstein's testimony to be credible; nor was it based upon factual evidence. His methodology was not scientifically sound. His testimony was based solely upon the self-reporting of [Petitioner] without independent verification. As such, his testimony is so fatally flawed as to be [sic] unworthy of consideration. As this court sat as finder of fact at trial, the credibility determination would have been made at that time. Accordingly, trial counsel's failure to present such testimony, and appellate counsel's subsequent failure to preserve that issue on appeal, caused [Petitioner] to suffer no prejudice.

Commonwealth v. Carroll, No. 693 EDA 1999, at 3 (PCRA Mar. 31, 2004) (unpublished memorandum), attached as Exhibit "C" to Response.

In reviewing this claim after the denial of PCRA relief, the Superior Court stated:

On November 20, 2003, the PCRA court held an evidentiary hearing. [Petitioner] called a neuropsychiatrist, who rendered an expert opinion that intoxication and post-traumatic stress disorder ("PTSD") precluded [Petitioner] from forming the specific intent to commit first degree murder. The Commonwealth presented a forensic psychiatrist. According to the Commonwealth's expert, [Petitioner] did not suffer from PTSD and was not intoxicated enough to prevent him from forming the specific intent to kill. Trial counsel and direct appeal counsel were not called to testify. The court found the Commonwealth's expert credible and [Petitioner's] expert incredible.

***

[Petitioner] remembered whether he was sitting or standing when Ms. Jennings asked for her glasses. He perceived that the gun "went off so fast." When Ms. Jennings poked him, he stood. When she smacked him, he smacked her back.

12

> When the decedent and Apple pulled [Petitioner] away from Ms. Jennings he tried to leave. When the gun went off, he ran. [Petitioner's] detailed recollection of the events and his responsiveness to his environment belie the argument that he was so overwhelmed by intoxication that he lost control of his faculties and sensibilities.
>
> \*\*\*
>
> [Petitioner's] expert identified the criteria for PTSD and based his diagnosis on his interviews of [Petitioner], his mother, and his ex-paramour. According to [Petitioner's] expert, PTSD caused Petitioner to misinterpret the decedent's and Apple's attempt to control the situation between [Petitioner] and Ms. Jennings. The misinterpretation precluded [Petitioner] from forming the specific intent to kill. Furthermore, [Petitioner] had consumed five to eight snifters of brandy and approximately eight beers prior to the shooting- the expert opined that [Petitioner] was too intoxicated to form the specific intent to kill. . . . [A]t the conclusion of the PCRA evidentiary hearing, the court expressly found [Petitioner's] expert was incredible and the Commonwealth's expert was credible. The record supports the PCRA court's credibility determination which is binding on this court.

Commonwealth v. Carroll, 943 A.2d 309 (Pa. Super. 2007) (table); No. 71 EDA 2004 (Pa. Super. Oct. 2, 2007), attached as Exhibit "D" to Response.

Based on the foregoing, I conclude that the state courts' conclusion that trial counsel was not ineffective for failing to present a diminished capacity or voluntary intoxication defense is not contrary to United States precedent, nor an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Thus, habeas relief is not appropriate for this fourth claim.

### E. Claim Five: Appellate counsel was ineffective for failing to argue the ineffectiveness of trial counsel for failing to raise the issue of the prosecution's suppression of evidence

Petitioner next asserts that appellate counsel was ineffective for failing to argue the ineffectiveness of trial counsel for failing to raise the issue of the prosecution's

13

suppression of evidence. Because this is layered claim of ineffective assistance of counsel, this court must determine whether Petitioner's right to effective assistance of counsel on direct appeal was violated when the attorney who represented him at that stage failed to argue that trial counsel had rendered ineffective assistance with regard to this claim. In order to satisfy the first prong of Strickland, Petitioner must show that appellate counsel's failure to raise the aforementioned argument on appeal fell outside "the wide range of reasonable professional assistance; that is [he would have to] overcome the presumption that, under the circumstances, the challenged action 'might be considered sound [appellate] strategy." Buehl v. Vaughn, 166 F.3d 163, 173-174 (3d Cir. 1999) (citing Strickland, 466 U.S at 869). "One element of effective appellate strategy is the exercise of reasonable selectivity in deciding which arguments to raise." Id.; see Smith v. Murray, 477 U.S. 527, 536 (1986) (stating that the process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of appellate advocacy') (quoting Jones v. Barnes, 463 U.S. 745, 751-752 (1983))

In this case, it was reasonable for appellate counsel to conclude that it was unlikely that he could satisfy the Strickland test and therefore strategically unwise to select this argument on direct appeal. Specifically, Petitioner asserts that direct appeal counsel failed to argue that the Commonwealth suppressed evidence of Petitioner's intoxication in violation of Brady v. Maryland, 373 U.S. 83 (1963). Petitioner claims that Anthony

14

Williams and Stephanie Bass told Officer Stacy Hurst that Petitioner was drunk at the time of the incident, but that detectives omitted any reference to his intoxication in the statements handed to defense counsel prior to trial.

Pursuant to Brady, it is well established that the government is not required to deliver information to a defendant "which he already has or, with any reasonable diligence, he can obtain himself." United States v. Pelullo, 399 F.3d 197, 213 (3d Cir. 2005). In the instant case, Petitioner knew whether or not he had been drinking. He knew that the bartenders had served him drinks and that others present at the bar had seen him drinking. Petitioner was free to interview and to call witnesses to testify as to his purported drunkenness. The government was not under an obligation to deliver information to the Petitioner that he should have known himself.[3] Id. Therefore, the Commonwealth cannot be found to have suppressed evidence of Petitioner's intoxication in violation of Brady. As such, appellate counsel cannot be found ineffective to failing to raise a meritless claim. See Buehl v. Vaughn, 166 F.3d 163, 173-174 (3d Cir. 1999). Petitioner's claim is therefore denied.

### F. Claim Six: Petitioner was denied due process of law when the Superior Court denied Petitioner access to effective assistance of PCRA counsel

In his sixth claim, Petitioner asserts that he was denied due process of law when the Superior Court denied Petitioner access to effective assistance of PCRA counsel. Errors in

---

[3] Further, I do not find that if this evidence had been disclosed, the result of the proceeding would have been any different. See Cone v. Bell, 129 S.Ct. 1769, 1786 (2009).

the state court post conviction process are not cognizable on federal habeas review. See Thomas v. Miner, 317 Fed. Appx. 113, 115 (3d Cir. 2008); Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) ("what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation"). Further, claims of ineffective assistance of PCRA counsel are also not cognizable on federal habeas review. See Pennsylvania v. Finley, 481 U.S. 551, 558 (1987). As such, I conclude that this sixth claim is denied.

### G. Claim Seven: Cumulative Effect of Ineffective Assistance of Counsel Claims

Petitioner contends that even if I do not find the errors in his trial individually sufficient to grant the writ of habeas corpus, the cumulative effect of these errors constitutes constitutional error sufficient to grant the writ. Errors that individually do not warrant a new trial may do so when combined. Marshall v. Hendricks, 307 F.3d 36, 94 (3d Cir. 2002); United States ex rel. Sullivan v. Cuyler, 631 F.2d 14, 17 (3d Cir. 1980) ("the cumulative effect of the alleged errors may violate due process, requiring the grant of the writ, whereas any one alleged error considered alone may be deemed harmless").

Here, even were I to combine all the claimed errors alleged in the instant case, given the quantity and quality of the totality of the evidence presented over the course of Petitioner's trial, I do not conclude that the Pennsylvania courts unreasonably applied Supreme Court precedent or unreasonably determined the facts in making its ruling. Marshall, 307 F.3d at 94. "Few of the allegations of ineffective assistance at trial involved significant deficiencies in the quality of counsel's representation, and those that did were

16

not material to the trial's result." Id. As a result, this seventh claim is denied.

**CONCLUSION**:

After close and objective review of the arguments and evidence, I conclude that Petitioner's petition for writ of habeas corpus is meritless. As a result, Petitioner's petition is denied.

Similarly, because Petitioner's claims are both legally and factually meritless, there is no need to conduct an evidentiary hearing, as it would not change the outcome of this matter. See 28 U.S.C. § 2254(e)(2); see also Schriro v. Landrigan, 550 U.S. 465, 474 (2007) ("an evidentiary hearing is not required on issues that can be resolved by reference to the state court record") (citations omitted); see also Campbell v. Vaughn, 209 F.3d 280, 221 (3d Cir. 2000).

An appropriate order follows.